9212

LEE v. SOUTHERN RAILWAY COMPANY.

(86 S. E. 634.)

CARRIER AND PASSENGER — NEGLIGENCE — ISSUES — PROXIMATE CAUSE. —
Where more than one inference can be drawn from the evidence as
to whether a passenger boarding the wrong train was due to his
or the carrier's negligence, the issues should be submitted to the jury.

Before SHIPP, J., Spartanburg, Spring term, 1914.
Reversed.

Action by W. H. Lee against Southern Railway Company. From judgment for defendant, plaintiff appeals.
The facts are stated in the opinion.

*Mr. C. C. Wyche,* for appellant, cites: 82 S. C. 483; 79
S. C. 273; 65 N. W. 506.

*Messrs. Sanders & DePass,* for respondent, submit: *Carrier is not responsible where a passenger takes wrong train without inquiring whether the train he takes will carry him to his destination:* 2 Moore on Carriers (2d ed.), p. 1226; 1 Fetter, Carriers, sec. 303, p. 766; 6 Cyc. 548; 82 S. C. 478; 75 S. C. 355.

October 16, 1915.
The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

In this action for damages, plaintiff appeals from judgment for defendant on a verdict directed by the Court.

A short distance west of Spartanburg Junction—a station on defendant's road—the road forks, one branch going *via* Gramling to Asheville, and the other *via* Greenville to Atlanta. On March 12, 1913, plaintiff wanted to go to

FOOTNOTE.—As to passenger on wrong train by his own mistake, see note in 3 L. R. A. (N. S.) 588, 28 L. R. A. (N. S.) 611.

Gramling on business, and went to Spartanburg Junction to take defendant's train No. 41 for that place, which was due at the Junction at 7:50 a. m. Plaintiff testified that he had gone on 41 a number of times before, and that he always paid his fare on the train, as the ticket office was rarely opened so early in the morning, and that it was not open that morning; that while he was waiting for his train, No. 29, which was a through train from Charlotte to Atlanta, not scheduled to stop at the Junction, came up to the station and stopped on the time of 41; that no other train than 41 was scheduled to stop there within two or three hours of that time; that a Mr. Swain, to whom he was talking, called his attention to the approaching train, and said "there comes your train;" that there was no porter or conductor on the ground, but the doors were open, and thinking it was 41, he got aboard; that he made no inquiry of any one as to the destination of the train; that the ticket office was closed and there was no porter or conductor on the ground after it stopped; that he did not discover his mistake until the train turned into the road going toward Atlanta, and he went immediately to the conductor, told him of his mistake and asked him to stop the train and let him get off; that the conductor refused to do so, and he was carried to Greenville—the next regular stop for that train, which is about thirty miles west of Spartanburg Junction. We have stated only the substance of plaintiff's testimony. As the case will have to go back for a new trial, we refrain from a more detailed statement of the evidence, or any discussion of it, or of its tendencies, lest it may result in prejudice to one side or the other.

At the trial, plaintiff contended that the evidence tended to prove negligence on the part of defendant, while defendant contended that there was no evidence of negligence on its part, but that there was evidence of negligence on the part of plaintiff in not exercising due diligence to ascertain the destination of the train before getting aboard. The Court sustained defendant's contention.

Without expressing any opinion as to what inferences should be drawn from the evidence as to the negligence of either plaintiff or defendant or the result thereof, we are of the opinion that it should have been submitted to the jury.

Judgment reversed.